[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14380

Non-Argument Calendar

_____

FRANCISCO PALACIOS-BARAS,

Petitioner-Appellant,

*versus*

WARDEN HANCOCK STATE PRISON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-04024-AT

_____

Before WILSON, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Francisco Palacios-Baras ("Petitioner"), a Georgia prisoner now proceeding with counsel, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner seeks to vacate his 2011 Georgia conviction for kidnapping. No reversible error has been shown; we affirm.

## I.

Briefly stated, Petitioner's conviction stems from these facts. As part of an ongoing drug-trafficking investigation, officers obtained warrants to intercept calls to and from three cell-phone numbers used by Petitioner. Some of the intercepted phone conversations led officers to believe that a person had been kidnapped for ransom. Officers set up surveillance on Petitioner's home. When officers executed a traffic stop on two cars seen leaving the house, they found the kidnapping victim seated in the backseat. Officers arrested the suspects involved in the traffic stop but were unable to locate Petitioner. The next day, officers "pinged" the location of Petitioner's cell phone to obtain the phone's location. Based on this data, officers were able to locate and arrest Petitioner.

Following a jury trial, Petitioner was convicted of kidnapping and was sentenced to life imprisonment. Petitioner's conviction was affirmed by the state appellate court. *See Deleon-Alvarez v. State*, 751 S.E.2d 497 (Ga. Ct. App. 2013).

In 2015, Petitioner filed a counseled petition for a writ of habeas corpus in the state court. There, Petitioner argued -- based on the Supreme Court's decision in *United States v. Jones*, 565 U.S. 400 (2012) -- that the warrantless GPS monitoring of Petitioner's cell-phone location constituted an unlawful search under the Fourth Amendment.

The state habeas court denied Petitioner relief. The state habeas court rejected Petitioner's argument under *Jones*, concluding that *Jones* was distinguishable from the facts of Petitioner's case. The state habeas court noted that the critical issue in *Jones* was that officers *affixed physically* a GPS monitoring device to the defendant's car: conduct that constituted a "search" because it involved a physical trespass on defendant's property. In contrast, the state habeas court explained that Petitioner's case involved no physical trespass on Petitioner's person or car. Instead, officers obtained location information remotely using the internal GPS capabilities of Petitioner's cell phone. The state habeas court also noted that the Supreme Court in *Jones* declined expressly to address whether obtaining location information "through electronic means, without an accompanying trespass" constituted a search under the Fourth Amendment. The state habeas court thus concluded that *Jones* was inapplicable to Petitioner's case and provided no basis for habeas relief. The Supreme Court of Georgia later denied without comment Petitioner's application for a certificate of probable cause.

Petitioner timely filed the counseled section 2254 federal habeas petition at issue in this appeal.  In pertinent part, Petitioner argued that the state habeas court unreasonably applied established federal law when it failed to give Petitioner the benefit of the decision in *Jones*.

The district court denied Petitioner habeas relief, concluding that the state habeas court's decision was a reasonable application of federal law.  The district court, however, granted Petitioner a certificate of appealability on this issue:  whether Petitioner's "Fourth Amendment rights were violated under *United States v. Jones*, 565 U.S. 400 (2012), in connection with law enforcement officials' warrantless use of GPS tracking technology on Petitioner's cell phone to locate him."  This appeal followed.

## II.

"We review a district court's decision to grant or deny a habeas petition *de novo*, including its determination of whether the state court's decision was unreasonable."  *Cave v. Sec'y, Dep't of Corr.*, 638 F.3d 739, 743 (11th Cir. 2011).

When the merits of a section 2254 habeas claim have been already adjudicated in state court, our review is highly deferential to the state court.  *See id.* at 744.  When -- as in this case -- the state appellate court affirms without an opinion, we "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale," and "presume that the

unexplained decision adopted the same reasoning." *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

To obtain habeas relief, a petitioner must show that the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. 2254(d).

A state-court decision is "contrary to" established Supreme Court precedent (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law"; or (2) "if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., writing for the majority). A state court's decision constitutes an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Supreme Court has stressed the distinction between "an *unreasonable* application of federal law" and "an *incorrect* application of federal law." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (emphasis in original) ("This distinction creates 'a substantially higher threshold' for obtaining relief than *de novo* review."). In reviewing a state court's decision on habeas review, the proper inquiry is whether the state court's application of federal law was

"objectively unreasonable," not whether the state court "applied clearly established federal law erroneously or incorrectly." *Id.* To obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Cave*, 638 F.3d at 744 (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Here, the state habeas court determined reasonably that the circumstances involved in *Jones* were materially distinguishable from the circumstances involved in Petitioner's case. In *Jones*, the Supreme Court stressed that the officers in that case attached physically a GPS tracker to the defendant's car: a circumstance not involved in Petitioner's case. *See Jones*, 565 U.S. at 404 ("It is important to be clear about what occurred in this case: The Government physically occupied private property for the purpose of obtaining information."); *id.* at 406-07 (noting that the Fourth Amendment has historically been concerned with government trespass upon "persons, houses, papers, and effects"). The Supreme Court also declined expressly to address whether collecting location information via electronic monitoring absent a physical trespass -- like the officers did in Petitioner's case -- would violate the Fourth Amendment. *See Jones*, 565 U.S. at 412.

To extend a precedent is more and different from following a precedent. We cannot conclude that the state habeas court's determination that *Jones* offered no basis for habeas relief in

21-14380                 Opinion of the Court                 7

Petitioner's case was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.  We affirm the district court's denial of Petitioner's 28 U.S.C. § 2254 petition.

AFFIRMED.